**CHEMICAL BANK & TRUST CO. v. HEN-WOOD et al. (two cases).**

**Nos. 11173, 11183.**

Circuit Court of Appeals, Eighth Circuit.

July 13, 1938.

Alfred H. Phillips, of New York City, and Allen C. Orrick, of St. Louis, Mo. (Richard C. Hunt, Howard H. Brown, and Henry W. Happel, all of New York City, Nagel, Kirby, Orrick & Shepley, of St. Louis, Mo., and Chadbourne, Hunt, Jaeckel & Brown, of New York City, on the brief), for appellant.

Carleton S. Hadley, of St. Louis, Mo. (A. H. Kiskaddon, of St. Louis, Mo., on the brief), for appellees.

Before STONE, SANBORN, and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

The St. Louis Southwestern Railway Company (a Missouri corporation) is in course of administration under Section 77 of the Bankruptcy Act as amended, 11 U.S.C.A. § 205. Appellant is successor trustee in the General and Refunding Mortgage executed by the railway company July 1, 1930. As part of the security back of the bonds issued under the above "Refunding Mortgage", 13,533 bonds issued under a First Terminal and Unifying Mortgage were pledged. The "Terminal Mortgage" was executed as of January 1, 1912.[1] These pledged bonds consisted of one registered bond for $10,108,000 and seven temporary bonds in different amounts aggregating $3,425,000. There was a right to exchange these pledged bonds for coupon bonds under the Terminal Mortgage. This right had not been exercised up to the initiation of these Debtor proceedings. These pledged bonds contained no multiple currency clause but such a clause was in the Terminal Mortgage and in the coupon bonds issued thereunder. That multiple currency clause was as follows: The railway promised to pay "at its office or agency in the Borough of Manhattan, City and State of New York, One Thousand Dollars in gold coin of the United States of America, of or equal to the standard of weight and fineness as it existed January 1, 1912, or in London, England, £205 15s 2d, or in Amsterdam, Holland, 2490 guilders, or in Berlin, Germany, marks 4200, D.R.W., or in Paris, France, 5180 francs."

In this situation, appellant filed a claim in the Debtor proceedings wherein it sought to elect payment in United States currency measured by guilders valued in accordance with the above quoted provision. The trial court denied the right to this election and these are appeals from that order (one allowed by this Court and the other by the District Court).

Much effort is expended here on the right of appellant to avail itself of the

---

[1] The case of Guaranty Trust Co. v. Henwood, decided this day, 98 F.2d 160, involved coupon bonds of the Terminal Mortgage.

180

multiple currency provision in the Terminal Mortgage. We need not examine, much less determine, that issue. This is true because even if such right exists to the fullest extent so that appellant be regarded as standing in as advantageous position as any bondholder under the Terminal Mortgage, yet the right given by that mortgage to elect payment in guilders, or guilder value, thereunder is rendered nugatory by the Joint Resolution of the Congress of June 5, 1933 (31 U.S.C.A. § 463). This Court has this day filed an opinion holding that the Joint Resolution has such effect upon coupon bonds issued under the Terminal Mortgage, Guaranty Trust Co. v. Henwood, 98 F.2d 160. That opinion determines this case.

The order from which these appeals was taken is affirmed.